**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BURCHICK CONSTRUCTION COMPANY, INC., | ) ) ) |
| Plaintiff, | ) Civil Docket No. 05-CV-12E ) |
| vs. | ) ) |
| HBE CORPORATION, | ) Judge McLaughlin ) |
| Defendant. | |

**MOTION TO COMPEL DISCOVERY**

AND NOW comes Plaintiff Burchick Construction Company, Inc. ("Burchick"), by its undersigned counsel, Reed Smith LLP, and moves this Court to compel the production of a deponent or deponents pursuant to Federal Rule of Civil Procedure 30(b)(6) as follows:

1. On May 20, 2005, the parties attended a Case Management Conference at which time this Honorable Court set all discovery to close on or before September 19, 2005.

2. Discovery dates and other pretrial dates are set forth in this Court's Case Management Order entered the 29th day of July, 2005.

3. In conjunction with a Request for Production of Documents propounded upon Defendant HBE Corporation ("HBE"), Burchick also served a Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on August 19, 2005, noticing the deposition for September 14, 2005. (Notice of Deposition attached hereto as Exhibit A.)

4. On or about August 23, 2005, counsel for Burchick received a telephone call from counsel for HBE, indicating that he was out of the office on vacation and not returning until September 6, 2005. During that telephone conversation, counsel for HBE indicated that because he was out of the office he would not be able to provide requested documents until after his

return and he requested that the Rule 30(b)(6) deposition proceed after the close of discovery, i.e. after September 19, 2005, to accommodate a trial that he had scheduled on or around the noticed date, i.e., September 14, 2005.

5. As an accommodation to counsel for HBE, counsel to Burchick agreed to take the Rule 30(b)(6) deposition during the week of September 19 "provided that it occurs no later than September 23 and provided that the documents responsive to my first request for production be produced during the week of Labor Day and that's no later than Friday, September 9, 2005." (Letter from counsel to Burchick to counsel to HBE dated August 25, 2005, containing the above agreement, is attached hereto as Exhibit B.)

6. Counsel to HBE did produce the documents on September 8, 2005, under cover of letter dated the same date. In that letter, counsel to HBE indicated that he had indicated to his client that Burchick wished to take the deposition during the month of September.

7. By letter dated September 13, 2005, counsel to Burchick responded to the September 8 letter pointing out that in fact the parties had agreed to take the Rule 30(b)(6) deposition during the week of September 19 but no later than September 23, 2005, to give Burchick adequate time to prepare its Pretrial Statement due October 10, 2005. (Letter from counsel to Burchick dated September 13, 2005, is attached hereto as Exhibit C.)

8. That letter was responded to by conference call on September 14, 2005, from HBE's counsel, John Riordan, and Michael Glass, Esquire also from Mr. Riordan's office. During that call, counsel to Burchick was informed that Mr. Glass would be taking over the case from Mr. Riordan. Counsel to HBE provided no date certain for the Rule 30(b)(6) deposition and did not commit to provide that witness by September 23 as previously agreed. However, it was confirmed during that conversation that HBE would comply with its earlier agreement to produce a Rule 30(b)(6) witness after the close of discovery on September 19, 2005, and

regardless of the result of the Motion to Enlarge Discovery filed by HBE on September 14, 2005.[1]

9. Counsel to Burchick then followed up with a letter also dated September 14, 2005, again reiterating the agreement that the deposition proceed no later than September 23 and asking that he be given a specific date prior to September 16 so as to avoid the filing of discovery motions in this regard. (Letter from counsel to Burchick dated September 14, 2005, is attached as Exhibit D.)

10. As of the filing of this Motion, HBE has continued to fail to provide any date certain for the deposition, and certainly no date on or before September 23, 2005, for the deposition as previously agreed. However, counsel to HBE has consistently agreed to observe the prior agreement that a Rule 30(b)(6) witness will be produced even after discovery closes.

WHEREFORE, Burchick Construction Company, Inc. requests that this Honorable Court compel the presence of a Rule 30(b)(6) witness or witnesses on behalf of HBE Corporation for deposition on Friday, September 23, 2005, in accordance with the agreement of the parties or, should this Motion not be heard with sufficient time to allow the deposition by September 23, 2005, then that this Honorable Court compel the presence of a witness or witnesses on September 30, 2005.

s/Kurt F. Fernsler<br>
Kurt F. Fernsler, Esquire<br>
Pa. ID. No. 78026<br>
REED SMITH LLP<br>
Firm No. 234<br>
435 Sixth Avenue<br>
Pittsburgh, PA 15219-1886<br>
Phone:(412) 288-3131<br>
Fax:  (412) 288-3063<br>
E-Mail:  kfernsler@reedsmith.com

---

[1] Burchick opposes this Motion and will file a response to same on Monday, September 19, 2005.

## DISCOVERY DISPUTE CERTIFICATE

As set forth more fully in the Motion to Compel Discovery, Kurt F. Fernsler, Esquire, counsel to Burchick Construction Company, Inc., made reasonable efforts and accommodations with counsel to HBE Corporation with regard to scheduling the Rule 30(b)(6) deposition including agreeing to take that deposition after the close of discovery solely to accommodate HBE's counsel's schedule.  Although it had been agreed that the deponent would be produced no later than September 23, 2005, counsel to HBE Corporation is unable or unwilling to commit to the prior agreement and no date certain has been provided to the undersigned as of the date of this filing.  A date certain was requested by the undersigned during telephone conferences of both September 14 and 15, 2005, as well as in the letters attached to the Motion to Compel Discovery.

s/Kurt F. Fernsler

**CERTIFICATE OF SERVICE**

      A true and correct copy of the foregoing Motion to Compel Discovery was served via U. S. First Class mail, postage prepaid, on the following:

>Michael D. Glass, Esquire
>John H. Riordan, Esquire
>Polito & Smock, P.C.
>Four Gateway Center, Suite 400
>444 Liberty Avenue
>Pittsburgh, PA  15222-1237

                                              s/Kurt F. Fernsler
                                              Kurt F. Fernsler