IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BURCHICK CONSTRUCTION COMPANY, INC., | )<br>)<br>) |
| Plaintiff, | ) Civil Docket No. 05-CV-12E<br>) |
| vs. | )<br>) |
| HBE CORPORATION, | ) Judge McLaughlin<br>) |
| Defendant. | |

**PLAINTIFF BURCHICK CONSTRUCTION COMPANY, INC.'S RESPONSE
TO MOTION TO EXTEND DISCOVERY AND OTHER PRETRIAL DATES**

AND NOW comes Plaintiff, Burchick Construction Company, Inc. ("Burchick"), by its undersigned counsel, Reed Smith LLP, and files this Response to Motion to Extend Discovery and Other Pretrial Dates, and in support thereof states as follows:

1. On May 20, 2005, the parties attended a Case Management Conference at which time this Honorable Court set all discovery to close on or before September 19, 2005.

2. Discovery dates and other pretrial dates are set forth in this Court's Case Management Order entered the 29th day of July, 2005.

3. Burchick compiled all of its Project records and made the same available to HBE Corporation ("HBE") as a part of its Rule 26(a) Initial Disclosures on June 20, 2005.

4. Specifically, under cover of letter dated June 20, 2005, Burchick's Rule 26(a) Initial Disclosures were hand delivered to counsel for HBE and Burchick's entire Project File arranged in categories identified in the Rule 26(a) Initial Disclosures, were made immediately available for inspection and copying at a convenient time.

5. HBE did not contact Burchick to review the Burchick Project Files.

6. Burchick then served a Request for Production of Documents on July 18, 2005, and in a letter dated the same date, reminded counsel to HBE that all Burchick's Project Files were available for HBE's review. In addition, in that July 18, 2005 letter, counsel to Burchick offered to copy and send correspondence and account payable records which were relevant to Burchick's affirmative claims.

7. Again, no response was forthcoming from HBE.

8. Burchick also served a subpoena upon the University of Pittsburgh Medical Center, as the Owner of the Project at issue in this lawsuit on July 22, 2005, and provided a copy of same to counsel of HBE.

9. Thereafter, on August 19, 2005, counsel for Burchick served a Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), noticing the deposition for September 14, 2005. The categories of information to be inquired into included: No. 2 "The requirements under the Medical Center Contract and the Behavioral Health Contract with regard to insurance information and the OCIP program on the Project" and No. 4 "The factual basis underlying HBE's Backcharge issued in connection with the Medical Center Contract between Burchick and HBE including: (a) All items of allegedly defective work by Burchick which form the basis for the backcharge; (b) The scope of work of the Backcharge Subcontractors; and (c) Payments made to the Backcharge Subcontractors." (See Notice of Deposition attached as Exhibit A).

10. As set forth more fully in Burchick's Motion to Compel Discovery filed with this Honorable Court on September 16, 2005, Burchick agreed to postpone taking the Rule 30(b)(6) deposition until the week of September 19, 2005, after discovery closed, solely as an accommodation to HBE's counsel's vacation and trial schedules. The chronology of events related to that deposition is explained fully in the Motion to Compel Discovery along with the exhibits thereto.[1]

11. Counsel to HBE then responded in writing by letter dated September 8, 2005 that HBE would not be producing a deposition witness with respect to item No. 2 in the Notice of Deposition (the OCIP issue) because it was not relevant.

12. By letter dated September 13, 2005, counsel to Burchick responded that because the OCIP issue was not relevant to Burchick's affirmative claims, Burchick would not require a 30(b)(6) designee on that issue if HBE stipulated that no testimony or evidence be presented on that issue.

13. Also as more fully explained and discussed in Paragraph 8 of Burchick's Motion to Compel Discovery, HBE's counsel John H. Riordan and Michael D. Glass contacted Burchick's counsel by telephone on September 14, 2005, asked for an extension of discovery and indicated that they were desirous of amending their counterclaim to bring a cause of action related to alleged credit owed by Burchick to HBE related to the Owner Controlled Insurance Program ("OCIP") utilized on the Project, six (6) days after refusing to produce a witness on this same OCIP issue.

---

[1] On September 20, <u>after</u> Burchick filed its Motion to Compel Discovery, HBE then notified counsel to Burchick that HBE's Rule 30(b)(6) designee could be available on September 22, 2005 for deposition. That deposition occurred on September 22, 2005, although HBE's designee was completely unable to answer questions regarding certain categories in the Notice of Deposition, including the Backcharge that is the subject of HBE's pending Counterclaim, as more fully discussed, <u>infra</u>.

14. HBE's Motion to Extend Discovery and Other Pretrial Dates was then filed that same day.

15. As of the filing of the Motion to Extend Discovery and Other Pretrial Dates by HBE, 115 of the 120 days allocated for discovery had elapsed. HBE had not reviewed a single document, had not sent any document requests, interrogatories, request for admissions or noticed a single deposition.

16. By contrast, Burchick had made its documents available, sent a request for production of documents, engaged in third party discovery and noticed a Rule 30(b)(6) deposition.

17. Further, upon Burchick's information and belief based on the substance of the September 14, 2005 telephone call with HBE's counsel and the deposition testimony of HBE's Rule 30(b)(6) designee, the "additional claim" referenced in Paragraph 1 of HBE's Motion to Extend Discovery and Other Pretrial Dates relates to the OCIP issue mentioned above.

18. To the extent that HBE seeks to raise the inference that it has just determined that it may possess an additional claim against Burchick related to the OCIP program is incorrect. To the contrary, HBE has sent correspondence to Burchick with respect to this issue beginning in April 2005 and continuing thereafter through June 2005. In addition, HBE's Rule 30(b)(6) designee testified that HBE has developed work sheets that indicate what HBE believes this alleged credit is worth, but those documents have never been produced. (See Deposition transcript of James Kee, Page 80, lines 9-25, Page 81, lines 1, 2 attached as Exhibit B).

19. In fact, HBE has continued to ignore this litigation and any extension of discovery or additional time to amend its pleading to add a new counterclaim would be to the prejudice of Burchick and reward HBE for its dilatory tactics.

20. In addition, it appears that the primary relief requested by HBE in its proposed Order accompanying the Motion to Extend Discovery and Other Pretrial Dates is found at Paragraph 3 (a) where HBE seeks this Court to allow HBE an additional twenty (20) days to amend its pleading.

21. The entire stated premise for HBE's Motion to Extend Discovery and Other Pretrial Dates is found in Paragraph 1: "HBE has determined that it has an additional claim against Burchick Construction Company, Inc. which necessitates the extension of discovery and potentially the filing of an Amended Counterclaim."

22. In fact, HBE seeks an extension of time because it has failed to engage in <u>any</u> discovery to date.

23. Further, this "additional claim" is presumably the alleged OCIP credit, or refund, which HBE has been corresponding about since at least April 2005, and on which HBE has apparently failed to produce documents in its possession.

24. In addition, during the deposition of HBE's Rule 30(b)(6) designee on September 22, 2005, it was apparent that the OCIP was owned and administered by UPMC; that the contract price between HBE and UPMC was set before the Project began; and that UPMC had not, and could not, make any claim against HBE for money related to the OCIP, i.e., HBE apparently did not suffer any actual damages.

25. Perhaps even more important is the fact that HBE essentially failed to produce a Rule 30(b)(6) designee for Item 4 in the Notice of Deposition, which dealt with the Backcharge. The Backcharge, as defined in the Notice of Deposition, is the pending Counterclaim. Category 4 of the Notice of Deposition sought: "The factual basis underlying HBE's Backcharge issued in connection with the Medical Center Contract between Burchick and HBE including: (a) All items of allegedly defective work by Burchick which form the basis for the Backcharge; (b) The

scope of work of the Backcharge Subcontractors; and (c) Payments made to the Backcharge Subcontractors." The witness could not answer any questions regarding (a) what work was performed by the Backcharge subcontractors, (b) where it was performed, (c) who authorized the work, or (d) how the pricing for the backcharge was priced.  (See Deposition transcript of James Kee, Pages 97-111 attached as Exhibit C).

26.     In effect, HBE failed to produce a witness to testify with respect to its own Counterclaim.  Burchick will file a Motion in Limine on this issue at the appropriate time, but in the interim, it is respectfully asserted that this egregious failure to comply with its discovery obligations is a further reason not to reward HBE at this time.

27.     Although the amendment of pleadings shall be liberally allowed under the Federal Rule of Civil Procedure, HBE's Motion to Extend Discovery and Other Pretrial Dates does not contain a single statement of fact to justify its request for additional time to amend its pleading.

28.     It is respectfully submitted that HBE has showed no cause to either extend the discovery dates or obtain additional time to amend its pleadings.

29.     Further, in the event that this Honorable Court should grant HBE's Motion to Extend Discovery, it is respectfully requested that the Order not contain any time period in which HBE may amend its counterclaim to plead a new theory and new damages, or in the alternative, that HBE be required at least to submit a Motion to Amend its pleadings to justify its request so that Burchick may review the specific averments in support of any such request and have adequate opportunity to respond.

WHEREFORE, Plaintiff, Burchick Construction Company, Inc. respectfully requests that this Honorable Court deny HBE's Motion to Extend Discovery and Other Pretrial Dates.

                        s/Kurt F. Fernsler
                        Kurt F. Fernsler, Esquire
                        Pa. ID. No. 78026
                        REED SMITH LLP
                        Firm No. 234
                        435 Sixth Avenue
                        Pittsburgh, PA 15219-1886
                        Phone:(412) 288-3131
                        Fax:  (412) 288-3063
                        E-Mail:  kfernsler@reedsmith.com

**CERTIFICATE OF SERVICE**

     A true and correct copy of the foregoing Response to Motion to Extend Discovery and Other Pretrial Dates Motion to Compel Discovery was served this 26th day of September, 2005, electronically via the Court's ECF system:

Michael D. Glass, Esquire
John H. Riordan, Esquire
Polito & Smock, P.C.
Four Gateway Center, Suite 400
444 Liberty Avenue
Pittsburgh, PA  15222-1237

                                              s/Kurt F. Fernsler
                                              Kurt F. Fernsler