UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

BURCHICK CONSTRUCTION COMPANY, INC

    Plaintiff,

                                       Civil Docket No. 05-CV-12E

v.

HBE CORPORATION,                         Judge McLaughlin

    Defendant.

## ANSWER AND AMENDED COUNTERCLAIM

AND NOW COMES Defendant HBE Corporation ("HBE"), by its undersigned counsel, and files this Answer and Amended Counterclaim to the Complaint filed by Burchick Construction Company, Inc. ("Burchick"), as follows:

## ANSWER

1. The averments of paragraph 1 of the Complaint are admitted.

2. The averments of paragraph 2 of the Complaint are admitted.

3. The averments of paragraph 3 of the Complaint are admitted in part and denied in part. It is admitted that Plaintiff Burchick and Defendant HBE are citizens of different states. It is denied that the amount in controversy exceeds $75,000, exclusive of interest and costs; and, therefore, it is denied that this Court has diversity jurisdiction in this matter.

4. The averments of paragraph 4 of the Complaint are admitted.

5. After reasonable investigation, HBE is without knowledge or information sufficient to permit it to form a belief as to the truth of the averments of paragraph 5 of the Complaint, and therefore denies the same pursuant to operation of F.R.Civ.P. 8(b). The

foregoing notwithstanding, HBE admits that it entered into two Subcontracts with Burchick (Subcontract Nos. 03330-5187 and 03330-5195) for construction work on two University of Pittsburgh Medical Center ("UPMC") projects in Oil City, Venango County, Pennsylvania. HBE further denies that it has failed to pay Burchick any amounts that are due and owing under the terms of these Subcontracts.

6. The averments of paragraph 6 of the Complaint are denied, except that HBE admits that Burchick performed the work under Subcontract No. 03330-5195.

7. The averments of paragraph 7 of the Complaint are denied.

8. The averments of paragraph 8 of the Complaint are denied.

9. The averments of paragraph 9 of the Complaint are denied.

10. The averments of paragraph 10 of the Complaint are denied.

11. The averments of paragraph 11 of the Complaint are denied.

## SECOND DEFENSE

12. The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

13. As of the date of the filing of Burchick's Complaint, HBE has paid Burchick all sums that are due and owing under the terms of Subcontract Nos. 03330-5187 and 03330-5195 between HBE and Burchick.

## FOURTH DEFENSE

14. To the extent that Burchick's Complaint seeks to recover amounts that are retainage under Subcontract Nos. 03330-5187 and 03330-5195 between HBE and Burchick, by the terms of said Subcontracts HBE is not required to make such retainage payments to Burchick until after final payment is received by HBE from Owner (*i.e.*, UPMC).

15. As of the date of the filing of this Answer, HBE has not received final payment from Owner (*i.e.*, UPMC) on either Subcontract; and, under the terms of Subcontract Nos. 03330-5187 and 03330-5195, no retainage payments are yet due and owing from HBE to Burchick.

## FIFTH DEFENSE

16. All claims alleged in Plaintiff's Complaint arising from Subcontract No. 03330-5187 between HBE and Burchick, for amounts other than retainage, are barred by Burchick's own material breach of said Subcontract by its failure to perform the work in conformity with required plans, drawings or specifications or in a proper and workmanlike manner.

## SIXTH DEFENSE

17. With respect to Subcontract No. 03330-5187 between HBE and Burchick, under the terms of said Subcontract HBE was authorized and justified to, and in good faith did, backcharge, deduct, set off, recoup or otherwise withhold from payment the amount of $73,140, representing damages sustained by HBE to complete or correct deficiency items in work that was not done by Burchick in conformity with required plans, drawings or specifications or that was not done in a proper and workmanlike manner.

## SEVENTH DEFENSE

18. While HBE denies any liability whatsoever to Burchick, should HBE be found liable in any amount, then HBE asserts the defense of recoupment, and alleges that it is entitled to reduce or defeat any liability to Burchick by reason of HBE's claims against Burchick, as set forth in HBE's Counterclaims in paragraphs 23 through 33 hereafter, which paragraphs are incorporated by reference herein for the purpose of asserting this defense of recoupment.

## EIGHTH DEFENSE

19. HBE has complied with the Contractor and Subcontractor Payment Act, 73 P.S. § 501 *et seq.*, and has acted in good faith, such that Burchick is not entitled to any recovery under said Act, including, without limitation, any recovery for interest, penalties, and attorneys fees and expenses.

## NINTH DEFENSE

20. The claims alleged in Plaintiff's Complaint are barred by the doctrine of waiver.

## TENTH DEFENSE

21. The claims alleged in Plaintiff's Complaint are barred by the doctrine of estoppel.

## ELEVENTH DEFENSE

22. The claims alleged in Plaintiff's Complaint are barred by the doctrine of release.

## **AMENDED COUNTERCLAIM**

23. HBE and Burchick entered into Subcontract No. 03330-5187 dated August 2002 for construction work on the UPMC Northwest Hospital building in Oil City, Venango County, Pennsylvania.

24. HBE and Burchick also contemporaneously entered into Subcontract No. 03330-5195 dated August 2002 for construction work on the UPMC Northwest Behavioral Health Facility in Oil City, Venango County, Pennsylvania.

25. Burchick failed to perform certain items of its required work under Subcontract No. 03330-5187, or performed in a manner that was nonconforming with required plans, drawings or specifications, or performed in a manner that was improper and unworkmanlike.

26. HBE notified Burchick of Burchick's deficiency items, but Burchick failed to correct the same in a timely fashion.

27. HBE was required at its own expense to take measures to correct Burchick's deficiency items.

28. To date, HBE has incurred damages in the amount of $73,140 to correct Burchick's deficiency items.

29. HBE has timely notified Burchick of the reason HBE has backcharged and withheld from payment under Subcontract No. 03330-5187 the amount of HBE's damages caused by Burchick's deficiency items, but Burchick has refused to acknowledge HBE's right to do so.

30. The terms of Subcontract Nos. 03330-5187 and 03330-5195 each specified an initial amount to be credited to HBE and charged to Burchick for an Owner Controlled Insurance Program ("OCIP").

31. The initial OCIP credits under Subcontract Nos. 03330-5187 and 03330-5195 were subject to verification to determine whether they were too great or too little and to corresponding adjustment.

32. In order to verify the correct amount of the OCIP credit owed by Burchick to HBE, Burchick was required by the terms of each of Subcontract Nos. 03330-5187 and 03330-5195 to provide updated insurance rating information and monthly certified hours worked to HBE for Burchick and Burchick's own employees, as well as for any Sub-subcontractor and the employees of any Sub-subcontractor hired by Burchick.

33. With respect to Subcontract No. 03330-5187, Burchick has provided certified hours worked information for its own employees to HBE for only 1 month and has provided no certified hours worked information to HBE for any of Burchick's Sub-subcontractors.

34. With respect to Subcontract No. 03330-5195, Burchick has provided no certified hours worked information to HBE.

35. Burchick has refused to supply HBE with any updated insurance rating information under both Subcontract Nos. 03330-5187 and 03330-5195.

36. Due to Burchick's failure and refusal to provide to HBE the required certified hours worked information and updated insurance ratings for both Burchick and Burchick's Sub-subcontractors on both Subcontract Nos. 03330-5187 and 03330-5195, HBE cannot calculate the correct amount of OCIP credit owed by Burchick to HBE, but upon

6

information and belief, HBE avers that Burchick owes HBE a sum in excess of $40,000.00 in additional OCIP credits.

### Amended Counterclaim Count 1

37.   HBE hereby incorporates by reference herein, the same as if set forth at length again, paragraphs 23 through 36 above.

38.   Burchick has materially breached its Subcontract Nos. 03330-5187 and 03330-5195 with HBE.

39.   While HBE denies any liability whatsoever to Burchick on Subcontract Nos. 03330-5187 and 03330-5195, should Burchick be awarded any sum as alleged in its Complaint, then HBE demands that the amount of damages sustained by HBE on Subcontract Nos. 03330-5187 and 03330-5195 as alleged herein be set off against any sum awarded to Burchick on Subcontract No. 03330-5187 and/or on Subcontract No. 03330-5195.

### Amended Counterclaim Count 2

40.   HBE hereby incorporates by reference herein, the same as if set forth at length again, paragraphs 23 through 36, 38 and 39 above.

41.   While HBE denies any liability whatsoever to Burchick, to the extent that HBE cannot recover the full amount of its damages via recoupment, backcharge, deduction or set-off, then HBE demands a judgment in its favor against Burchick for any balance of HBE's damages remaining unrecovered after recoupment, backcharge, deduction or set-off.

WHEREFORE, HBE Corporation demands that a judgment be entered in its favor and against Plaintiff Burchick Construction Company, Inc. on Plaintiff's Complaint; and, that a judgment be entered in its favor and against Plaintiff Burchick Construction Company, Inc. on

HBE Corporation's counterclaims; and, that HBE Corporation be awarded pre-judgment interest and post-judgment interest, a reasonable attorney fee, and costs of suit.

## JURY TRIAL DEMAND

A jury trial is hereby demanded as to all claims, counterclaims and defenses.

Respectfully submitted,

POLITO & SMOCK, P.C.

By:     s/Michael D. Glass
Michael D. Glass
PA ID No. 34431
John H. Riordan
PA ID No. 19922
Four Gateway Center, Suite 400
444 Liberty Avenue
Pittsburgh, PA 15222-1237
(412) 394-3333

*Counsel for Defendant HBE Corporation*

## CERTIFICATE OF SERVICE

We hereby certify that on this 5th day of October, 2005, a true and correct copy of the foregoing Answer and Amended Counterclaim was served via United States Postal Service first class mail, postage prepaid to the following counsel of record:

        Kurt F. Fernsler, Esq.
        Reed Smith LLP
        435 Sixth Avenue
        Pittsburgh, PA  15219-1886


        POLITO & SMOCK, P.C.


By:    _s/Michael D. Glass_____
        Michael D. Glass